IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76311-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRANDT, WILLIAM HENRY | ) | |
| DOB: 04/23/1947, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 10, 2019 |

SCHINDLER, J. — A jury convicted William Henry Brandt of attempted residential burglary. On appeal, Brandt argued the trial court committed error during the trial by not ordering a competency evaluation. Brandt also argued the no-contact order the court imposed exceeded the statutory maximum. The State conceded the court erred by imposing a no-contact order that exceeded the statutory maximum of five years.

We concluded the record did not reflect whether the trial court considered there was reason to doubt Brandt's competency. We remanded to the trial court to hold a hearing, weigh the pertinent factors, and enter written findings on the dispositive threshold question of whether there was reason to doubt competency. We also directed the court to amend the no-contact order to accurately reflect a 5-year, not a 10-year, maximum duration. State v. Brandt, No. 76311-3-I (Wash. Ct. App. Nov. 13, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/763113.pdf.

On remand, the court entered extensive findings of fact and conclusions of law

addressing Brandt's competency. The unchallenged findings state it was "clear" to the trial judge that Brandt "had represented himself at trial before" and "knew the process, he knew the procedure, he knew who all the people involved were and their roles, and he was able to assist in and prosecute his defense." The court "saw no physical manifestations of incompetence from the defendant." The findings state that

> [h]ad the court seen any evidence that the defendant was not understanding the proceedings, or was unable to assist or prosecute his own defense, the proceedings would have been concluded and a Competency Evaluation would have been ordered.

The trial court concluded Brandt "clearly understood what was happening throughout the trial, he knew what the stakes were, knew what was at issue, and he was clearly able to participate in his own defense."

> The court is convinced by a preponderance of the evidence that the defendant understood the nature of the proceedings against him and was able to assist in the preparation of a defense, and therefore, was competent to stand trial.

Because the unchallenged findings of fact establish there was no reason to doubt Brandt's competency, we affirm the jury conviction of attempted residential burglary. However, because the court did not amend the no-contact order to accurately reflect a five-year statutory maximum, we remand with directions to correct the no-contact order to impose the statutory maximum of five years.

WE CONCUR: